DAVID E. MASTAGNI, ESQ. (SBN 204244)
ISAAC S. STEVENS, ESQ. (SBN 251245)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811-3151
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MINER,<br><br>           Plaintiff<br><br>     v.<br><br>CONTEGO INVESTIGATIVE SERVICES, INC.<br><br>           Defendant. | CASE NO.<br><br>[COLLECTIVE ACTION]<br><br>**COMPLAINT FOR:**<br>1.  **Violations of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.);**<br>2.  **Failure to Pay Overtime (Labor Code §§ 510, 511, 558, 1194, 1198, 1199, Wage Order No. 4-2001);**<br>3.  **Failure to Pay Full Wages When Due (Labor Code §§ 201, 202, 203, 204, 1194, 1199);**<br>4.  **Failure to Adhere to California Record Keeping Requirements (Labor Code §§ 226, 226.3, 1174, 1174.5, Wage Order No. 4-2001)**<br>5.  **Unfair Business Practices (Business & Professions Code §§ 17200, *et seq*.)**<br>6.  **Injunctive and Monetary Relief**<br><br>**Demand for Jury Trial** |

///

///

///

**INTRODUCTION**

1. Plaintiff Sean Miner brings this action against his employer, Contego Investigative Services, Inc., who employs him as an investigator.

2. Contego Investigative Services, Inc. (hereafter referred to as "Contego") provides investigative services to individuals and entities in the State of California.

3. Contego routinely employed Plaintiff to perform work in excess of forty (40) hours in a seven (7) day work week and in excess of daily overtime thresholds under California law without compensating him for such work.

4. At all times relevant hereto, Contego misclassified Plaintiff as an overtime-exempt employee when he is, in fact, non-exempt.

5. As a result of this unlawful misclassification, Contego has violated numerous provisions of the Fair Labor Standards Act ("FLSA") and the California Labor Code, including failure to compensate Plaintiff for all overtime hours worked despite the fact that Plaintiff regularly worked overtime, failure to pay a minimum wage for all hours worked, failure to timely pay all wages due and owing, and failure to furnish timely statements accurately showing, among other things, the total hours Miner worked during each pay period. Plaintiff also alleges that these acts, which violate the California Labor Code and the FLSA, constitute predicated unlawful and unfair business practices in violation of the California Unfair Competition Laws.

**PARTIES**

6. Plaintiff Sean Miner is a citizen of the State of California and is employed as an investigator by Defendant Contego Investigative Services, Inc.

7. Plaintiff is informed and believes, and thereon alleges, Defendant Contego Investigative Services, Inc. is a corporation, doing business in California.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. section 1331 and the FLSA, 29 U.S.C. section 216(b). This Court has jurisdiction over Plaintiff's California Labor Code claims pursuant to 28 U.S.C. section 1367.

9. Venue is proper in this District because Plaintiff resides in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including but not limited to Plaintiff's employment by Contego.

## FACTUAL ALLEGATIONS

10. Plaintiff began working for Contego as an investigator on August 8, 2014. At all times, Plaintiff was misclassified as an overtime-exempt employee and was not paid for hours of work in excess of eight (8) hours per day or forty (40) hours per week.

11. As an investigator, Plaintiff regularly worked more than eight (8) hours per day, and forty (40) hours per week.

12. The Fair Labor Standards Act of 1938, as amended, sections 201, *et seq.*, provides for minimum standards for overtime compensation and details administrative procedures by which covered overtime work time must be compensated. The FLSA provides the Federal Courts with substantial authority to redress labor abuses such as those at issue in this Complaint.

13. At all times relevant hereto, the FLSA required Contego to pay Plaintiff overtime compensation for all hours he worked in excess of forty (40) hours in a workweek, at a rate of one and one-half times his regular rate of pay.

14. California's Labor Code and Industrial Welfare Commission Wage Orders provide protection to hourly workers, including, but not necessarily limited to, timely and sufficient pay for all hours worked and requirements for the maintenance of accurate employee records.

15. Pursuant to Industrial Wage Commission Wage Order No. 4 ("Wage Order 4"), Plaintiff is entitled to overtime compensation for all hours he worked in excess of eight (8) hours in a work day, and/or forty (40) hours in a work week.

16. Contego failed and refused to compensate Plaintiff for any work he performed in excess of eight (8) hours in a workday and/or forty (40) hours in a work week.

17. Contego did not compensate Plaintiff on a "salary basis."

18. Plaintiff's wages were subject to reduction if he failed to perform forty (40) hours of

work in a workweek.  On occasions when Contego claimed Plaintiff worked less than forty (40) hours, Contego forced Plaintiff to use paid time off to make up the supposed deficit.

19. Contego knowingly excluded hours Plaintiff spent traveling and completing investigative reports from the hours used to determine whether he worked forty (40) hours in a week. As a result, on several occasions, Plaintiff worked over sixty (60) hours in a workweek, but was still forced to use paid time off.

20. Contego failed and refused to compensate Plaintiff for hours spent performing work, including, but not limited to, time spent traveling to investigation sites and time spent preparing and transmitting investigative reports.

21. Contego failed to pay Plaintiff all wages due, including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of eight (8) hours in a day and/or forty (40) hours in a workweek.

22. As a result of Contego's violations of the FLSA and California Labor Code, Plaintiff has suffered damages by being denied wages in an amount to be determined at trial, and is entitled to such wages, liquidated damages in an amount equal to the unpaid wages, prejudgment and postjudgment interest, and reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

23. Contego's unlawful conduct, as described above, was willful and intentional and/or was not in good faith.  Contego knew, or should have known, that the practices complained of herein were unlawful.  Contego knew Plaintiff routinely worked in excess of eight (8) hours in a workday and forty (40) hours in a work week and that Plaintiff was not paid for all hours worked.

24. Contego has not made a good faith effort to comply with the FLSA with respect to compensating Plaintiff.

25. Because Contego's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. section 255(a).

26. In February, 2015, Plaintiff discovered Contego was billing its customers for time he and

      other investigators spent traveling, preparing investigative reports, and performing other work. Upon learning of this, Plaintiff searched online to determine whether he and other investigators were entitled to be paid for the time they spent performing this work, and came to the conclusion that Contego was violating the law by failing to pay them.

27. On March 1, 2015, Plaintiff complained to regional manager Jim Baca that Contego's failure to pay him and other investigators for all hours worked violated the law.

28. Plaintiff is informed and believes and thereon alleges Toni Gott instructed Baca to find a way to fire Plaintiff or get Plaintiff to quit working for Contego in retaliation for his complaint regarding Contego's unlawful compensation practices.

29. For approximately seven weeks in 2014, Plaintiff covered the regional manager's duties while the manager was taking leave. During the last three weeks of October 2015, Plaintiff answered directly to Toni Gott. Plaintiff voiced his concerns over the hours he and the other investigators were being forced to work. Gott responded by saying there was a line of investigators waiting to take the positions of any investigators that were unhappy about working for the company.

30. When Plaintiff complained to Gott about not being paid properly for the excessive hours he worked, Gott told him his life was going to get much worse if he kept complaining.

31. Contego retaliated against Plaintiff for complaining about its unlawful compensation practices by assigning him to investigations that required extensive travel and assignments requiring surveillance on holidays, such as Christmas.

**FIRST CAUSE OF ACTION**

**(Failure to Pay For Hours Worked - FLSA)**

32. Plaintiff incorporates by reference each and every paragraph above inclusive as though set forth fully herein.

33. Contego suffered and permitted Plaintiff to work overtime but failed to compensate him for the work.

34. Plaintiff does not meet the requirements to be exempt from the FLSA's overtime compensation requirements.

35. Plaintiff was not paid on a salary basis, as his wages were subject to reduction if he did not perform forty (40) hours of activities Contego classified as "work" in a workweek.

36. Plaintiff does not meet the definition of an "administrative employee" because, among other things, his primary duty as an investigator did not include the exercise of discretion and independent judgment with respect to matters of significance.

37. At all times relevant hereto, Contego knew or should have known of its obligations to pay Plaintiff for all hours worked, and to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for all hours worked in excess of the maximum weekly hours established by 29 U.S.C. section 207.

38. At all times relevant hereto, Contego's failure to fully compensate Plaintiff for all hours worked was not in good faith, and was a willful violation of the FLSA.

39. As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiff is entitled to a three-year statute of limitations for backpay of earned but unpaid overtime and an equal amount in liquidated damages.

40. Plaintiff is also entitled to recover reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## SECOND CAUSE OF ACTION

**(Failure to Pay Minimum and Overtime Wages - IWC Wage Order 4-2001, California Labor Code §§ 1197 and 1198)**

41. Plaintiff incorporates by reference each and every paragraph above inclusive as though set forth fully herein.

42. Pursuant to California Labor Code section 1198, it is unlawful to employ persons for longer than the hours set forth by the Industrial Welfare Commission ("IWC") or under conditions prohibited by the applicable IWC Wage Orders.

43. California Labor Code section 1197 requires that employees be paid a minimum wage. The current minimum wage in California pursuant to IWC Order 4-2001 is $10 per hour. From July 1, 2014 to January 1, 2016, the minimum wage was $9.00 per hour.

44. Contego required Plaintiff to work off the clock, omitting time Plaintiff spent traveling

and preparing investigative reports, among other things, from Plaintiff's timesheets. Accordingly, Plaintiff was not paid at all for this time worked, and therefore worked at less than the minimum wage for this work.

45. IWC Wage Order 4-2001 provides that employees must be compensated at the rate of one and one-half times the regular rate for all hours exceeding forty (40) in any week, and for all hours exceeding eight (8) in one day.

46. The IWC Wage Orders applied to Plaintiff's employment at all times relevant herein.

47. From August 2014 to the present, Plaintiff regularly worked over forty (40) hours per week and/or over eight (8) hours per day but was not paid for all the overtime hours worked at the overtime premium.

48. Pay stubs indicate Contego paid Plaintiff on a bi-weekly basis. By failing to pay Plaintiff overtime, Contego violated IWC Wage Order 4-2001 and California Labor Code section 202. Contego owes Plaintiff waiting time penalties in an amount to be determined according to proof.

**THIRD CAUSE OF ACTION**

**(Retaliation in Violation of the FLSA)**

49. Plaintiff incorporates by reference each and every paragraph above inclusive as though set forth fully herein.

50. Plaintiff complained to Contego's management personnel about Contego's failure to properly compensate him and other investigators for their hours of work.

51. Contego retaliated against Plaintiff for complaining about its unlawful pay practices by, among other things, assigning Plaintiff to assignments hundreds of miles from his home, with back to back long range travel assignments without breaks, and requiring Plaintiff to perform investigations on holidays.

52. Plaintiff is informed and believes and thereon alleges Contego increased Plaintiff's workload and travel requirements in retaliation for his complaints regarding Contego's failure to properly compensate him.

53. Contego willfully and intentionally retaliated against Plaintiff for complaining about

|   |   |   |
|---|---|---|
| 1 |    | Contego's failure to properly pay Plaintiff and other investigators. |
| 2 | 54. | Plaintiff is entitled to recover compensatory and punitive damages for Contego's |
| 3 |    | retaliatory actions, in an amount to be proved at trial. |

### FOURTH CAUSE OF ACTION

### (Unfair Business Practices in Violation of California Business and Professions Code §§ 17200, *et seq*.)

55. Plaintiff incorporates by reference each and every paragraph above inclusive as though set forth fully herein.

56. California Business and Professions Code section 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

57. Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition law.

58. At all relevant times, Contego has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code section 17200 by failing to pay Plaintiff overtime wages.

59. The above-described conduct constitutes false, unfair, fraudulent, and/or deceptive business practices, within the meaning of Business and Professions Code sections 17200, *et seq*.

60. As a result of its unlawful acts, Contego has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff. Contego should be enjoined from this activity, caused to specifically perform its obligations, and made to disgorge these ill-gotten gains and pay restitution to Plaintiff including, but not limited to, restitution of all unpaid wages, plus interest, as well as attorney fees and costs.

### PRAYER

WHEREFORE, Plaintiff Sean Miner prays for relief as follows:

1. Backpay for all hours worked in excess of eight (8) hours in a day, and/or forty (40) hours in a workweek;

2.     Liquidated damages in an amount equal to the wages Contego failed to pay;

3.     Attorney fees and costs;

4.     Prejudgment and postjudgment interest;

5.     Appropriate equitable relief to remedy Contego's retaliation against Plaintiff pursuant to 29 U.S.C. section 216(b);

6.     Restitution to Plaintiff for Contego's unlawful business practices;

7.     Punitive damages;

8.     An award of damages, statutory penalties, restitution and interest to be paid by Contego according to proof;

9.     Appropriate equitable and injunctive relief to remedy Contego's violations of the laws of California, including but not necessarily limited to an order enjoining Contego from continuing its unlawful policies and practices; and

10.     An award of such other and further relief as this Court may deem just and appropriate.

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues triable of right by jury.

Dated: July 8, 2016                                **MASTAGNI HOLSTEDT, APC**

By:    */s/ Isaac S. Stevens*
       ISAAC S. STEVENS
       Attorneys for Plaintiff Sean Miner